```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN HEREDIA,

                        Plaintiff,

        -against-                                          REPORT AND
                                                           RECOMMENDATION
SULLIVAN COUNTY JAIL HEAD OF
MAINTENANCE JOE DOE, SULLIVAN COUNTY                       05 Civ. 5777 (SCR) (GAY)
JAIL SHERIFF DANIEL HOGUE, SULLIVAN
COUNTY JAIL ADMINISTRATOR CAPTAIN
SMITH, SULLIVAN COUNTY CORRECTIONAL
STAFF LT. LITTLE and SULLIVAN COUNTY
JAIL MEDICAL DEPT. DOCTOR JOHN DOE,

                        Defendants.
-----------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Plaintiff Juan Heredia, appearing *pro se*, seeks damages for injuries he allegedly sustained when he slipped and fell on the Mod 8 day room floor in the Sullivan County Jail. Presently before this Court is defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, I respectfully recommend that defendants' motion be granted.

In evaluating a motion to dismiss, this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all the factual allegations in the

complaint.'" Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993)) (citations omitted). Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

Plaintiff's Amended Complaint contains the following allegations:

> On December 23, 2004 I was walking in Mod8 Day room floor when walking to my cell I slipped and fell hurting my back really bad injuring my back to the point it swolled up and was in a lot of pain.
> One of the inmates called C.O. John Doe . . . and told him I fell on my back C.O. called medical dept and told me nothing cant be done until tomorrow Inmated david that called the CO told him I really had back nothing done the other two John Doe inmates help me too.
> . . .
> On my injuries I've gotten 7 days keep locked X-Rays and long term back pain medication and doctor John Doe from Sullivan County Jail Medical dept telling me by back is swollan my nerves in my back is damage and it look likes from the x-ray I need surgery on my back but he wouldn't recamendite.

Clearly, plaintiff fails to allege facts which amount to anything more than negligence, which is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986). Even broadly construing plaintiff's allegations, he fails to allege facts sufficient to establish a § 1983 claim based upon deliberate indifference. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (plaintiff must allege (1) a "sufficiently serious" deprivation of medical treatment, *i.e.* a deprivation reasonably likely to result in death, degeneration or extreme pain and (2) facts tending to show that defendants acted "with a sufficiently culpable state of mind," *i.e.* that defendants knew of and disregarded an

2

excessive risk to plaintiff's health arising from the deprivation of medical treatment).

Accordingly, I conclude, and respectfully recommend, that defendants' motion to dismiss should be granted and plaintiff's complaint dismissed.

**The telephone conference with the undersigned scheduled for July 25, 2006 at 10:00 a.m. is cancelled.**

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: July 10, 2006
White Plains, New York

Respectfully Submitted,

*George A. Yanthis*
GEORGE A. YANTHIS, U.S.M.J.