UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUAN HEREDIA,

                    Plaintiff,      :      05 Civ. 5777 (SCR)(GAY)

            v.      :      ORDER ACCEPTING REPORT
                                        AND RECOMMENDATION

JOE DOE, the Sullivan County Jail Head of
Maintenance, DANIEL HOGUE, CAPTAIN
SMITH, the Sullivan County Jail Administrator,
L.T. LITTLE, of the Sullivan County Correctional
Staff, and DOCTOR JOHN DOE, of the
Sullivan County Jail Medical Department,

                    Defendants.
---------------------------------------------------------------X

STEPHEN C. ROBINSON, District Judge:

       This case was referred to Magistrate Judge George A. Yanthis for issuance of a Report and Recommendation.  *Pro se* Plaintiff Juan Heredia (the "Plaintiff") seeks damages under 42 U.S.C. § 1983 for injuries he claims to have sustained when he slipped and fell while incarcerated at the Sullivan County Jail, and the medical treatment he received after the incident.  Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Judge Yanthis's Report and Recommendation is affirmed.  Defendants' motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

**I.    Facts**

       Plaintiff alleges in his Amended Complaint that on December 23, 2004, he slipped and fell while walking to his cell and in the process injured his back "to the point it swolled up and was in a lot of pain."  According to the Amended Complaint, Plaintiff was told that he could not

receive medical treatment for his injury until the following day. As a result of his slip and fall, Plaintiff claims to have suffered various injuries, including swelling of his back and nerve damage in his back.

## II.     Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Here, the Report and Recommendation was issued on July 10, 2006, and the parties were given ten days to submit objections to this Court. In late July, Plaintiff wrote to this Court and asked for counsel to be appointed for him and for an extension of time to submit objections to the Report and Recommendation. Though Plaintiff's application for appointment of counsel was denied, he was given until October 16, 2006 to submit any objections to the Report and Recommendation. Plaintiff, however, did not file any objections to the Report and Recommendation. Accordingly, Judge Yanthis's Report and Recommendation will be reviewed for clear error.

## III.    Discussion

When considering a motion to dismiss under Rule 12(b)(6), a district court must accept as true all factual allegations in the complaint, and must not dismiss the case "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Even reading Plaintiff's Amended Complaint broadly, the pleadings fail to state facts which constitute anything more than a claim for negligence, for which there is no cause of action under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original). Further, Plaintiff's allegations do not establish a § 1983 claim based on deliberate indifference of jail officials. See, e.g., Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (articulating the deliberate indifference standard for medical treatment). Accordingly, this Court finds there was no clear error in Judge Yanthis's Report and Recommendation, and the Report and Recommendation is therefore accepted.

## IV. Conclusion

Based on the foregoing, Judge Yanthis's well-reasoned Report and Recommendation is affirmed. Defendants' motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED. The Clerk of the Court is directed to close this case.

Dated: February 6, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge